**Geraldine M. SHUMATE, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary, United States Department of Health, Education and Welfare, Defendant.**

**No. C–C–79–378–M.**

United States District Court, W. D. North Carolina, Charlotte Division.

Aug. 11, 1982.

As Amended Aug. 13, 1982.

Louis L. Lesesne, Jr., Charlotte, N. C., for plaintiff.

Harold J. Bender, Acting U. S. Atty., Charlotte, N. C., for defendant.

### ORDER

McMILLAN, District Judge.

A petition for fees, supported by appropriate affidavit, has been filed by Louis L. Lesesne, Jr., counsel for the plaintiff.

In addition to setting out in affidavit form the nature of the services rendered and the amount of fees requested, plaintiff's counsel seeks to have these fees taxed

against the United States under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Mr. Lesesne seeks fees under the Equal Access to Justice Act only for his services rendered in connection with this civil action in this district court, and in connection with the unsuccessful appeal by the Secretary of Health, Education and Welfare (now Health and Human Services) to the Fourth Circuit Court of Appeals.

## I.

The court has reviewed the petition in light of the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), and under the procedure laid out in *Anderson, et al. v. Morris, et al.*, 658 F.2d 246 (4th Cir. 1981), and makes findings on pertinent factors as follows:

1. *The time and labor expended.*—Counsel reports and the court finds that during the pertinent period he has spent at least 55.25 hours on this case, and that these hours have been reasonably and efficiently employed.

5. *The customary fee for like work.*—Counsel alleges a proper rate for him to be $75 to $80 per hour. The court has, in one case, allowed fees for Mr. Lesesne in the amount of $80 an hour. I have allowed fees at substantially higher rates in other cases. I find a rate of $75 an hour, the maximum allowed under the Equal Access to Justice Act, to be thoroughly reasonable in this case. Based upon factors 1 and 5, therefore, I conclude that a reasonable initial fee is $4,143.75, plus costs and expenses.

After having established a *prima facie* reasonable fee, based on factors one and five, the court now considers the other ten factors of *Georgia Highway Express, supra.*

2. *The novelty and difficulty of the questions raised.*—The basic issues were not novel, but it took counsel nearly three years of pushing to get a favorable result. The passage of time and the success at trial and on appeal would justify a higher fee.

3. *The skill required for proper performance of the legal services rendered.*—The skill required and displayed was excellent. This factor would support an increase in the fee.

4. *Loss of other income on account of this case.*—This factor is not significant. Employers do not traditionally beat a path to the door of civil rights lawyers for defense of employment discrimination cases, but plaintiff's counsel chose the side of the street he would work, and this factor has no particular weight here.

6. *The attorney's expectation at the outset of the litigation.*—This was a contingent fee case. Plaintiff's counsel only gets paid if he wins. Statutory fees, even if paid out of the plaintiff's recovery, are allowable up to 25% of the recovery.

7. *Time limitations imposed by the client or the circumstances.*—This factor has no weight.

8. *The amount in controversy and the results obtained.*—Plaintiff has obtained an order for substantial benefits throughout her period of disability, which may very well be her entire life. This factor would support an increase in the fee.

9. *Experience, reputation and ability of counsel.*—All these factors are excellent, and would support an increase in the fee.

10. *The undesirability of the case within the legal community.*—This factor has no particular significance.

11. *Nature and length of the professional relationship.*—This factor is not important.

12. *Attorney's fee awards in similar cases.*—The fee herein awarded is reasonable when compared with other awards in similar cases.

Taking all the above factors into consideration, the court is of the opinion that a fee of $4,143.75 is eminently reasonable and earned, and should be paid.

## II.

The plaintiff, as indicated above, seeks to have fees, costs and expenses taxed to the

United States under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

All the issues raised by the government here in opposition to payment of fees were raised in the case of *Theresa Ocasio v. Schweiker*, 540 F.Supp. 1320, which was decided June 15, 1982, in the Southern District of New York by Judge Edward Weinfeld. It seems to me that Judge Weinfeld's opinion adequately covers and correctly decides all of the objections which government counsel has made in this case to the award of fees against the government. Rather than till well-plowed soil with a probably duller harrow, I will simply adopt as my own Judge Weinfeld's decision, which, in pertinent part, is reproduced below:

"There is no dispute that plaintiff is a prevailing party within the meaning of the EAJA. However, the government contends that the EAJA does not apply because the attorneys' fee provision of the Social Security Act[3] provides the exclusive remedy in social security cases. This contention is without merit. Nothing in the EAJA expressly excludes its application to social security cases, and the legislative history makes explicit Congress' intent that, while the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Agency. For example, the House Report accompanying the EAJA states that changes were made

> [t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered.[4]

This view was confirmed during the floor debate in the House.[5]

Unlike the EAJA, section 206 of the Social Security Act does not authorize the award of attorneys' fees against the federal government. It only provides that, where a claimant is awarded past-due benefits, the claimant's attorney may collect a reasonable fee not in excess of 25% from his client's award:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[6]

Unlike the EAJA and similar statutory attorneys' fee provisions, the attorney's fee comes out of funds that would otherwise have gone to his client. The purpose of this provision was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorneys' knowledge and claimants had on occasion failed to notify their attorneys and pay their fees.[7] The last sentence of the section, prohibiting the payment of other fees, was not addressed to attorneys' fees awarded against the United States, but rather was necessary to enforce the 25% limitation on the fees which lawyers could charge their clients. Without this last sentence, lawyers would have been able to make an end run around the 25% limitation by charging their clients directly for certain services in addition to the 25% contingency fee permitted under the statute out of the accrued benefits. Since the EAJA provides for fees against the United States, it does not conflict with the purpose of section 206 of the Social Security Act to regulate fee arrangements between claimants and their attorneys.

The exclusive language of section 206 applies to fees allowed by the Court against the judgment in favor of the client, not to fees to be assessed against the United States pursuant to the EAJA.

The government relies on conditional language in the EAJA that makes the Act subject to other statutes. Section 2412(d)(1)(A) provides: 'except as otherwise specifically provided by statute . . . .'; and section 206 of the Act states:

> Nothing in section 2412(d) . . . alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.[8]

The legislative history makes clear that this conditional language of the EAJA is meant only to prevent it from applying where other federal statutes already authorize fee awards *against the federal government:*

> Moreover, this section is not intended to replace or supersede any existing fee-shifting statutes such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards *against the government* are not already authorized.[9]

Since section 206 of the Social Security Act does not authorize fee awards against the government, the conditional language of the EAJA does not foreclose its application to social security cases.

The government's argument would leave plaintiff's attorneys without any fees; it would create, with respect to attorneys representing indigent plaintiffs who were denied their just claims by governmental agencies, a no-man's land contrary to clearly expressed congressional purposes manifested in recent statutes intended to encourage legal representation of such persons and in the public interest.[10] The government insists that their exclusive remedy is under the Social Security Act, yet fees under that Act are conditional on the award of past-due benefits to the plaintiff, and in the case at bar there will be no such award unless plaintiff prevails on the remand to the Agency. The Agency's error forced plaintiff and her attorneys into this Court, and their persistence resulted in correction of the error. Denial of fees to her attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA. Accordingly, the Court finds that plaintiff's attorneys are entitled to the award of fees pursuant to the EAJA.[11]"

"[3] 42 U.S.C. § 406(b)(1).

[4] H.R.Rep.No.1418, 96th Cong., 2d Sess. 12, *reprinted in* [1980] U.S.Code Cong. & Ad.News [4953], 4991.

[5] *See* 17 Cong.Rec. H10,220 (Oct. 1, 1980).

[6] 42 U.S.C. § 406(b)(1).

[7] *See* S.Rep.No.404, 89th Cong., 1st Sess. 422, *reprinted in* [1965] U.S.Code Cong. & Ad. News [1943], 2062; Hearings on H.R.6675 Before the Sen.Comm. on Finance, 89th Cong., 1st Sess. 512–13 (quoted in *Dawson v. Finch*, 425 F.2d 1192, 1194 (5th Cir. 1970)).

[8] EAJA, Pub.L.No.96–481, Title II, § 206, 94 Stat. 2330 (1980).

[9] H.R.Rep.No.1418, 96th Cong., 2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4997 (emphasis supplied).

[10] *E.g.,* 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); [42] U.S.C. § 1988 (Civil Rights Act); 28 U.S.C. § 2412(d) (EAJA); 42 U.S.C. § 1973*l*(e) (Voting Rights Act).

[11] *Accord, Edwards v. Schweiker,* No. C–80–3959 (N.D.Cal. Apr. 21, 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982). *But see Ritchie v. Schweiker,* No. C–80–4053 (N.D.Iowa Dec. 18, 1981); *Nichols v. Schweiker,* No. C–81–818R (W.D.Wash. Apr. 8, 1982)."

In a concluding footnote, number 15, Judge Weinfeld also dealt with the contention, raised by defendant here, that although this suit was filed on December 7, 1979, nearly two years before the effective date of the Equal Access to Justice Act, plaintiff should recover only for services rendered following that effective date. That footnote reads as follows, and I adopt it as the decision of this case:

The government's contention that plaintiff's attorneys are entitled to only those fees incurred after the effective date of the EAJA is without merit. The Act's effective date does not bar an award of fees incurred before October 1, 1981, so long as the matter was pending or commenced after that date. *United States v. Citizens State Bank*, 668 F.2d 444, 446 (8th Cir. 1982); *National Lawyers Guild v. Attorney General*, [94 F.R.D. 616] (S.D. N.Y.1982) (Sinclair, Mag.); *Edwards v. Schweiker*, No. C–80–3959, slip op. at 3 (N.D.Cal. Apr. 21, 1982); *Wolverton v. Schweiker*, 533 F.Supp. 420, 423 (D.Idaho 1982); *Photo Data, Inc. v. Sawyer* [, 533 F.Supp. 348] No. 81–2435 (D.D.C. Feb. 22, 1982) (digested in 50 U.S.L.W. 2501–02 (Mar. 2, 1982)); *see Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982).

\*  \*  \*  \*  \*  \*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the reasonable value of the services rendered by plaintiff's counsel which are properly taxable under the Equal Access to Justice Act is $4,143.75.

2. That this amount be paid to Attorney Louis L. Lesesne, Jr., by the United States, as his full and only fee for representing the plaintiff in the district and appellate courts in this civil action. This order does not preclude plaintiff's counsel from receiving an additional fee from plaintiff for his services at the administrative level. He may request that this additional fee be withheld from plaintiff's past-due benefits, as provided by 42 U.S.C. § 406(b)(1).

3. That defendant also pay plaintiff's attorney's expenses of $40.78, plus the costs of this action.