Wallis D. **CORNELLA**, Appellant,

v.

Richard **SCHWEIKER**, Secretary, Health & Human Services, Appellee.

No. 83–1209.

United States Court of Appeals, Eighth Circuit.

Aug. 6, 1984.

Rehearing Denied Sept. 7, 1984.

Black Hills Legal Services, Inc., by Mark Falk, Rapid City, S.D., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Phillip N. Hogen, U.S. Atty., Sioux Falls, S.D., William Kanter, Sara B. Greenberg, Attys., Appellate Staff Civ. Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

■ In *Cornella, v. Schweiker*, 728 F.2d 978 (8th Cir.1984), we held that the Social Security Administration was not "substantially justified" in denying Wallis D. Cornella disability benefits. Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; 5 U.S.C. § 504 (Supp.1982), we therefore awarded him attorneys' fees incurred in connection with the district court proceedings. Cornella has now applied for an award of fees and costs incurred in his appeal to this court. Because we conclude that the Secretary's position in resisting an award of fees, as opposed to her position in denying disability benefits, was reasonable, we deny Cornella's application.

■ A prevailing party may obtain attorneys' fees under the EAJA only where the position of the government was not "substantially justified." This is essentially a test of reasonableness in law and fact. *Cornella*, 728 F.2d at 981–82. As indicated, on the merits we concluded that an award of fees was proper since the Secretary was unreasonable in twice denying Cornella disability benefits. At first blush, it may appear that we should also award fees for the work done on appeal since the Secretary's position in resisting an award of attorneys' fees is necessarily and inextricably intertwined with her position on the merits.

Upon a close examination of the question, however, we believe that such a result is not required. This is true because the "position" we must examine here is analytically dissimilar from the Secretary's "position" analyzed when we decided the merits.[1] As stated, on the merits we examined the Secretary's position in denying Cornella disability benefits. On appeal from the district court's denial of attorneys' fees, however, the Secretary's position was that: (1) the district court correctly held that her previous position in denying benefits was substantially justified; (2) the EAJA does not apply to SSA cases; (3) a claimant cannot recover for work performed prior to the effective date of the EAJA; and (4) a

---

1. We acknowledge, however, that this distinction is not an easy one to make. It is a bit like looking into a mirror only to see another mirror's reflection and has been described as a "Kafkaesque judicial nightmare." *Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C.Cir.1984).

claimant cannot recover for work performed at the administrative level.[2]

Although we ruled against the Secretary on three of the above four issues, all of the purely legal issues were questions of first impression in this circuit. Prior to our decision in *Cornella,* the Secretary had no guidance from this circuit concerning the proper scope and application of the EAJA to social security cases.[3] We believe that the Secretary was reasonable in seeking specific rulings from this court on these issues. *See Wolverton v. Heckler,* 726 F.2d 580, 583–84 (9th Cir.1984); *Rawlings v. Heckler,* 725 F.2d 1192, 1196 (9th Cir. 1984) (where issues unsettled in a particular circuit, the Secretary is substantially justified in litigating them). Moreover, the Secretary was defending a district court decision in her favor rather than appealing an adverse ruling. Although the Secretary may not always be reasonable in seeking to uphold a favorable decision, especially if the decision is patently wrong, in these particular circumstances the district court's holding on the substantial justification issue was certainly arguable and the factual issues were not altogether simple. Therefore, we conclude that the Secretary should not be held liable for Cornella's attorneys' fees on appeal to this court. However, because Cornella was a prevailing party, he may recover the costs of the appeal, *see* 28 U.S.C. § 2412(a); FRAP 39, as those costs are specifically allowable under 28 U.S.C. § 1920 or rule of this court.

In all other respects, the application for attorneys' fees and costs is denied.

**2.** On appeal, the Secretary abandoned her position that *pro bono* attorneys could not recover fees under the EAJA. We addressed this issue only because the district court, as an alternative holding, was of the view that fee awards to *pro bono* legal organizations were improper.

**3.** The Supreme Court has recognized the government's unique position as litigator. In ruling that nonmutual collateral estoppel was unavailable against the government, the Court stated that preventing the government from seeking different rulings on the same issues in different circuits

would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue. Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari. *United States v. Mendoza,* —— U.S. ——, 104 S.Ct. 568, 572, 78 L.Ed.2d 379 (1984).

Therefore, merely because the issues had been decided adversely to the Secretary in other circuits does not necessarily make her position on these same issues in our court unreasonable.