**UNITED STATES of America,**
**Appellant,**

v.

**Sidney ESTRIDGE,**

**James F. O'Crowley, Jr., Appellee,**

**Herbert Maslin.**

**No. 85–1706.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1986.

Decided March 13, 1986.

Opinion on Application for Attorney Fees on Appeal Aug. 5, 1986.

---

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

1. The Honorable John W. Oliver, United States District Judge for the Western District of Missouri, presiding.

2. Section 6672(a) provides:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.
   26 U.S.C. § 6672(a).

3. During the period in question, O'Crowley was chairman of Arlen and president, director, and chief executive officer of Arlen's holding compa-

PER CURIAM.

This is an appeal from a district court[1] award of costs and attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1982) (amended 1985). In the underlying action, the United States sought to hold O'Crowley and three other individuals liable under 26 U.S.C. § 6672(a) (1982)[2] for unpaid employment taxes that Arlen Trophy Company, Inc. (Arlen) had withheld from the wages of its employees for the last quarter of 1975 and the first quarter of 1976.[3] O'Crowley prevailed in the action, and the district court awarded him attorneys' fees and expenses under the Equal Access to Justice Act.[4] The government appeals only the award of costs and attorneys' fees to O'Crowley. We affirm.

Section 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justi-

ny, Gateway Sporting Goods Company (Gateway). Of the three other individuals from whom the government sought to collect Arlen's unpaid taxes, Sidney Estridge was chairman and forty percent shareholder of Gateway, Robert L. Moats was controller of Gateway, and Herbert Maslin was president of Arlen.

4. The case against Moats was resolved in his favor on cross motions for summary judgment, see Moats v. United States, 564 F.Supp. 1330 (W.D.Mo.1983), and the district court granted Moats' application for attorneys' fees and expenses under the EAJA, see Moats v. United States, 576 F.Supp. 1537 (W.D.Mo.1984). The government did not appeal either of those decisions. The district court, however, found Estridge and Maslin personally liable for Arlen's unpaid taxes under 26 U.S.C. § 6672(a).

fied or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A) (West 1985 Supp. & 1986 Supp. IV).[5] In a detailed and thoughtful opinion, the district court concluded that the government had not carried its burden of proving that its position against O'Crowley was "substantially justified."[6] In reaching this conclusion, the district court emphasized that the government did not furnish O'Crowley with any specific statement of fact or law on which the government based its claim against O'Crowley, thus preventing O'Crowley from demonstrating that the government's position against him was factually and legally untenable. The court also noted that the government failed to investigate the truth of evidence offered by O'Crowley that would have supported O'Crowley's position, gave unwarranted credence to obviously biased witnesses, and failed to reevaluate whether to continue prosecuting O'Crowley after the government's claim against Moats had been resolved in Moats' favor and the district court had awarded Moats costs and attorneys' fees under the EAJA. The district court therefore concluded that the government had not carried its burden of proving that its position against O'Crowley was "substantially justified" and awarded O'Crowley costs and attorneys' fees.

■ Our role on review is limited to determining whether the district court abused its discretion in finding that the government's position against O'Crowley was not

substantially justified. *Keasler v. United States,* 766 F.2d 1227, 1231 (8th Cir.1985). Under this standard of review, the district court's conclusions of law are reviewable on a de novo basis; its findings of fact are of course subject to the clearly erroneous rule. *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir.), *cert. denied sub nom. Jarboe-Lackey Feedlots, Inc. v. United States,* 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984); *Spencer v. NLRB,* 712 F.2d 539, 563–64 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).[7] In this regard, to the extent that the district court's findings concerning the strength of positions taken in litigation by the United States are based on assessments of the probative value of the evidence offered by the government, they can be reversed only if clearly erroneous. *2,166 Boxes of Boned Beef,* 726 F.2d at 1486; *Spencer,* 712 F.2d at 564.

■ The government does not challenge any particular findings of the district court as clearly erroneous. Nor does the government point to any particular error of law made by the district court in concluding that the government's position was not substantially justified. Rather, the thrust of the government's argument on appeal is that the merit of its claim against O'Crowley turned solely on the credibility of certain witnesses. The district court's application of the EAJA to this case, the government argues, in effect requires the govern-

---

**5.** We are aware that Congress amended section 2412(d) on August 5, 1985, after the district court had awarded O'Crowley costs and attorneys' fees. Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, § 2, 99 Stat. 183, 184–86 (1985) (codified as amended at 28 U.S.C.A. § 2412(d) (West 1985 Supp. & 1986 Supp. IV). Pursuant to the amendments' express terms, the amended version governs this case on appeal. *Id.* at § 7, 99 Stat. at 186–87. Although the basic standard for the award of costs and attorneys' fees under section 2412(d) remains the same, the legislative history makes clear that the amendments were intended to give section 2412(d) a broader sweep, *see* H.R. Rep. No. 120, Part 1, 99th Cong., 1st Sess. 8–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 137–38 (Aug. pamphlet). The amendments

thus would not have affected the district court's decision. Therefore, with one exception noted *supra* note 7, the 1985 amendments to the EAJA do not affect our review of this case.

**6.** The government does not contend that this case was one in which "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A).

**7.** Although the 1985 amendments to the EAJA overrule certain aspects of *2,166 Boxes of Boned Beef* and *Spencer, see* H.R.Rep. No. 120, Part 1, 99th Cong., 1st Sess. 8–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News at 137–38 (Aug. pamphlet), the amendments do not affect the discussion of the proper standard for appellate review contained in those opinions.

ment to second-guess the district court in determining whose version of the facts the court would ultimately find credible. The district court's opinion makes clear, however, that O'Crowley's ultimate liability under 26 U.S.C. § 6672(a) turned on far more than witness credibility. The district court's primary reason for finding the government's position against O'Crowley not substantially justified was the fact that the government did not diligently investigate who was responsible for paying Arlen's taxes. Instead, the government brought claims against several officers and directors of Arlen and Gateway, including O'Crowley, who might possibly have been responsible for collecting or paying Arlen's employee withholding taxes, hoping that the court would ultimately find one or more of those individuals liable for Arlen's taxes.

In light of the district court's lengthy and well-reasoned opinion explaining its conclusion that the government's position against O'Crowley was not substantially justified and the government's failure to point to any error in the district court's factual findings or application of the law to those findings, we cannot say that the district court abused its discretion in awarding O'Crowley costs and attorneys' fees under the Equal Access to Justice Act. Accordingly, we affirm the judgment of the district court.[8]

ROSS, Circuit Judge, dissenting.

I disagree with the result reached by the majority in this case because I believe that the position of the government in this case was "substantially justified" within the meaning of the Equal Access to Justice Act.

This court has heretofore accepted a test of reasonableness in *Iowa Express Distribution v. NLRB*, 739 F.2d 1305 (8th Cir. 1984). Merely losing the case does not satisfy a determination of lack of reasonableness. *Id.*

Here the court's decision depended almost entirely on the determination of the credibility of the witnesses. In such a case, when the government is unable to determine which party is telling the truth, it is reasonable to do what it did here: It sued all the "responsible" parties and let the court decide the credibility issue.

## ON APPLICATION FOR ATTORNEYS' FEES ON APPEAL

LAY, Chief Judge.

In a prior proceeding, this court affirmed a district court award of attorneys' fees and expenses to James F. O'Crowley, Jr., under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) (West Supp.1986) (EAJA). O'Crowley now seeks an award of attorneys' fees and expenses under the EAJA for the fees and expenses he incurred in (1) defending the government's appeal from the district court's decision in his favor on the merits, which was later voluntarily dismissed and (2) defending the government's appeal from the district court award of fees and expenses under the EAJA and filing this current EAJA application. We grant O'Crowley's request except as to the fees and expenses he incurred in defending the appeal on the merits.

In the underlying action, the United States sought to hold O'Crowley and three other individuals liable under 26 U.S.C. § 6672(a) (1982) for unpaid employment taxes that Arlen Trophy Company, Inc. had withheld from the wages of its employees. O'Crowley prevailed in the action. Subsequently, the district court awarded O'Crowley attorneys' fees and expenses under the EAJA. The government appealed both the district court's decision in favor of O'Crowley on the merits (the "section 6672 action") and the district court's award under the EAJA (the "EAJA action" or the "EAJA award"), and the appeals were consolidated. Upon the government's own motion, however, this court dismissed the

---

8. The government shall pay interest on the district court's award of costs and attorneys' fees to O'Crowley pursuant to section 2412(f), a provision added by the 1985 amendments to the

EAJA. *See* Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80, § 2(e), 99 Stat. at 185–86 (to be codified at 28 U.S.C. § 2412(f)).

government's appeal of the section 6672 action in an order dated August 6, 1985. The government continued to prosecute its appeal of the district court's EAJA award. After oral argument, we affirmed the district court's award under the EAJA on March 13, 1986. On April 10, 1986, we issued our mandate in the EAJA action. O'Crowley filed his current application for fees and expenses incurred in pursuing both appeals and in filing this application on May 5, 1986.

**Jurisdiction**

A party seeking an award of attorneys' fees and expenses under the EAJA must submit an application for such an award to the court within thirty days of "final judgment," 28 U.S.C.A. § 2412(d)(1)(B) (West Supp.1986), which the EAJA defines as "a judgment that is final and not appealable," *id.* § 2412(d)(2)(G). The government contends that O'Crowley's EAJA application to this court is untimely with respect to those fees and expenses O'Crowley incurred in defending against the government's appeal of the district court's decision in the section 6672 action before the government dismissed this appeal on its own motion. With respect to the section 6672 appeal, the government argues, the judgment of this court became "final" for purposes of 28 U.S.C.A. § 2412(d)(1)(B) on August 6, 1985, when this court entered an order dismissing the government's appeal of the section 6672 action. O'Crowley counters that because the appeal of the section 6672 action and the appeal of the EAJA award were consolidated, the judgment of this court on the appeal of the section 6672 action did not become final until this court's judgment in the appeal of the EAJA award became final. Thus, O'Crowley contends,

his EAJA application is timely as to both appeals.

Although we have found no cases discussing this precise issue, we conclude that the judgment of dismissal on the merits must be treated separately from the judgment affirming the district court's EAJA award in determining the timeliness of O'Crowley's EAJA application. In *Obin v. District No. 9 of the International Association of Machinists and Aerospace Workers,* 651 F.2d 574 (8th Cir.1981), this court held that "a claim for attorney's fees should be treated as a matter collateral to and independent of the merits of the litigation." *Id.* at 583. The Supreme Court expressly approved of this characterization in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 451, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982). We find no rational basis for determining that a claim for attorneys' fees is collateral to and independent of the merits for some purposes but not for others. We therefore hold that O'Crowley's application for fees and expenses incurred in defending the government's appeal of the section 6672 action prior to dismissal is untimely.[1]

**Substantial justification**

We now consider whether the government has met its burden of proving that its position in appealing the district court's EAJA award was "substantially justified."[2] To meet this burden, the government must show that its position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *United States v. 1,378.65 Acres of Land,* 794 F.2d 1313 (8th Cir.1986). In *Cornella v. Schweiker,* 741 F.2d 170 (8th Cir.1984), we held that whether the government's position in the underlying action

---

1. Very late in these proceedings, the government argued that O'Crowley's EAJA application was untimely as to both appeals because local rule 17(a) requires that attorneys' fee applications be filed within fourteen days after entry of judgment. 8th Cir.R. 17(a). This argument is wholly without merit. A local court rule cannot supercede a statute that expressly allows prevailing parties thirty days in which to file applications for fees and expenses. *See Washington-*

*Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.,* 263 U.S. 629, 635, 44 S.Ct. 220, 222, 68 L.Ed. 480 (1924) (a court rule cannot enlarge or restrict jurisdiction or substantive law).

2. The government does not contend that "special circumstances" would make an award of fees and expenses to O'Crowley "unjust."

was substantially justified and whether the government's position in appealing a district court award of attorneys' fees and expenses under the EAJA was substantially justified are separate inquiries. *Id.* at 171. In other words, merely because the government does not prevail in an appeal of a district court award of fees and expenses under the EAJA does not automatically entitle the prevailing party to an EAJA award for fees and expenses incurred in bringing or defending the appeal.

▉ After reviewing the record and the parties' briefs, however, we conclude that under the facts of this case the government was not substantially justified in appealing the district court's EAJA award. Unlike *Cornella,* this is not a case in which the government raised several legal issues of the first impression in the circuit in arguing that an EAJA award was not warranted. *See Cornella,* 741 F.2d at 172; *see also Rawlings v. Heckler,* 725 F.2d 1192, 1196 (9th Cir.1984) (in holding that prevailing party was not entitled to EAJA award for fees and expenses incurred in defense of government's appeal of a district court EAJA award, the court noted that the government had raised several legal questions that were unsettled in the circuit). Nor is this a case in which, as in *Cornella,* the government was *defending* a district court ruling that the prevailing party was not entitled to an EAJA award but lost on appeal. *See Cornella,* 741 F.2d at 172. Rather, in this case, the government makes precisely the same arguments in contending that it was substantially justified in appealing the district court's EAJA award as it did when it appealed the district court EAJA award in the first place: that the merits of its claim against O'Crowley turned solely on the credibility of certain witnesses and that the government was thus substantially justified in attempting to hold O'Crowley liable for Arlen's unpaid withholding taxes under 26 U.S.C. § 6672. Moreover, the government appealed a dis-

trict court ruling that its position in the section 6672 action was *not* substantially justified, rather than defended a district court's finding in its favor. In circumstances such as these, we hold that the decision of the United States to appeal the award of attorneys' fees and expenses to O'Crowley was not substantially justified. O'Crowley is therefore entitled to the fees and expenses he incurred in defending this appeal and in filing this current EAJA application.

**Amount of fees and expenses**

▉ O'Crowley has submitted evidence documenting the amount of attorneys' fees and expenses he incurred in defending the appeal of the EAJA award and in filing this EAJA application.[3] The government has not contested either the amount of hours or the hourly rate requested by O'Crowley. Although the evidence submitted by O'Crowley sufficiently supports the number of hours he claims, we find that O'Crowley is limited to a minimum rate of $75 per hour. The EAJA provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A)(ii) (West Supp.1986). O'Crowley did not present any evidence to support a higher rate and we find nothing to indicate that a fee in excess of the maximum $75 per hour rate is justified in this case. We therefore award O'Crowley $19,768.56 in attorneys' fees and expenses.

ROSS, Circuit Judge, dissenting.

For the reasons set forth in my original dissent on the appeal of the district court's EAJA award, I likewise dissent from the award of attorneys' fees and expenses for the appeal. I believe the government was

---

3. O'Crowley also seeks to recover the fees and expenses incurred in attempting to collect the district court judgment in his favor in the section 6672 action. The EAJA, however, does not authorize an award for time spent collecting a judgment from the government. *Cole v. Secretary of Health and Human Services,* 577 F.Supp. 657, 664 n. 3 (D.Del.1983).

substantially justified in bringing this appeal.