**Carl H. SCOTT, Executor of the Estate of Irene P. Scott, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary, Health and Human Services, Defendant.**

Civ. A. No. 87–0458–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 29, 1989.

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

Robert W. Jaspen and Debra J. Prillaman, Asst. U.S. Attys., U.S. Attorney's Office, Richmond, Va., for defendant.

MEMORANDUM AND ORDER

RICHARD L. WILLIAMS, District Judge.

Carl E. Scott, Executor of the Estate of Irene P. Scott, plaintiff, filed this action pursuant to 42 U.S.C. § 405(g) seeking a review of the Secretary's final decision denying Irene P. Scott's claim for disability insurance benefits. The matter was remanded for further proceedings which resulted in a favorable decision for the plaintiff. Plaintiff then filed an application for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

The U.S. magistrate, to whom this matter was referred, recommended the granting of an award of $1,575.00 attorney's fees and $140.00 in expenses. Objections were filed by both parties and the Court awarded plaintiff $2,100.00 attorney's fees and $140.00 expenses. Plaintiff filed a supplemental application for an award of $1,100.00 attorney's fee for 11 hours expended obtaining the EAJA fee award. Defendant filed objections to this award. The magistrate filed a proposed memorandum recommending that the supplemental application be denied on the ground that the defendant was substantially justified in opposing the initial fee application. Plaintiff has filed objections to the proposed memorandum.

■ Plaintiff's first objection to the proposed memorandum asserts that the magistrate erred in not finding, as a matter of course, that supplemental EAJA fee awards should be granted to a claimant who prevailed in obtaining the initial EAJA award. While plaintiff concedes the existence of a split of authority on this issue, he contends the better view is to routinely grant such supplemental awards.

This case presents a question of first impression in this Circuit. The Court has reviewed the decisions from other circuits and concludes that the most reasonable approach to this issue has been adopted in the Seventh, Eighth and Ninth Circuits. See *Continental Web Press, Inc. v. N.L. R.B.*, 767 F.2d 321, 324 (7th Cir.1985); *Cornella v. Schweiker*, 741 F.2d 170, 171 (8th Cir.1984); *Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir.1984). Rather than a routine approval of EAJA awards for fee applications, these Circuits hold that the same principles apply to these matters as to the initial EAJA request, i.e. the government's position must be reviewed to determine if its position in opposing the EAJA award in the first instance was substantially justified. To hold otherwise would "chill" the United States from opposing any EAJA award or contesting the amount requested. This case presents a prime example. Here plaintiff sought attorney's fees in the amount of $2,871.75. The government filed its opposition with the ultimate result that plaintiff's requested amount was reduced by approximately 25%. This is not to say that had plaintiff been awarded the full amount requested the government would not have been justified in opposing the request. Each case must be judged on its own merits. In this case, the Court is of the opinion that the government was substantially justified in opposing the initial request. If the United States considers that an EAJA award is not warranted or the requested amount is excessive, then its efforts should not be thwarted by a threat of a supplemental fee application.

■ Plaintiff's second objection claims the magistrate erred in finding the Secretary was substantially justified in opposing the initial application for attorney's fees under EAJA. As stated above, the government was partially successful in resisting the request since there was a resulting 25% reduction in the amount requested. Further, since this is a question of first impression in this Circuit, this constitutes additional justification for opposing the application. See *Rawlings v. Heckler, supra,* (where issues unsettled in a particular circuit, the Secretary is substantially justified in litigating them).

The statutory criterion in EAJA is whether the governmental agency was substantially justified in opposing the claimant, either on the merits of the claim or on a subsequent application for attorney's fees. In either instance, if the agency is not substantially justified, then it lays itself open to an additional award of fees. See *Continental Web Press, Inc. v. N.L. R.B. supra.*

For the reasons stated, plaintiff's objections to the proposed memorandum opinion are overruled and the magistrate's opinion will be adopted as the memorandum of the Court.

Plaintiff's application for supplemental attorney's fees under the Equal Access to Justice Act will be DENIED.

An appropriate order shall issue.