TECHNALYSIS CORPORATION, Petitioner v. COMMISSION OF INTERNAL REVENUE, Respondent
TECHNALYSIS CORP. v. COMMISSION OF INTERNAL REVENUE
Docket No. 3238-91
United States Tax Court
T.C. Memo 1994-30; 1994 Tax Ct. Memo LEXIS 37; 67 T.C.M. (CCH) 2023; January 26, 1994, Filed *37 For petitioner: Frank J. Walz and Steven R. Kruger. For respondent: Gail K. Gibson. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner has filed a motion for litigation and administrative costs pursuant to Rule 231 [1] and section 7430. In our opinion of November 4, 1993, we decided that petitioner was not subject to the accumulated earnings tax. Technalysis Corp. v. Commissioner, 101 T.C.     (1993). Our findings of fact and opinion are incorporated by this reference. The issue in the prior case was whether the accumulated earnings tax applied to petitioner. We held, contrary to petitioner's argument, that the accumulated earnings tax can apply to widely held, public corporations. We agreed that petitioner had an accumulation beyond its reasonable needs, but held that petitioner was not liable *38 for the tax because it was not formed or availed of for the purpose of avoiding the income tax with respect to its shareholders. Section 7430 provides that, in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation costs. Sec. 7430(a). A taxpayer is a prevailing party only if it establishes: (1) That the position of the United States in the proceeding was not substantially justified; (2) that it substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) that it met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) on the date the petition was filed. Sec. 7430(c)(4)(A). In addition to being a prevailing party, a taxpayer must also establish that it exhausted the administrative remedies available to it within the Internal Revenue Service and that it did not unreasonably protract the proceeding. Sec. 7430(b)(1), (4). The petition in this case was filed on February 20, 1991. Petitioner's net worth as of January 31, 1991, and February 28, 1991, was $ 6,631,611 and $ 6,770,885, respectively. Petitioner *39 had 263 and 260 employees as of January 31, 1991, and February 28, 1991, respectively. Therefore, petitioner meets the net worth requirements. In Technalysis Corp. v. Commissioner, supra, we held that petitioner was not liable for the deficiencies determined by respondent. Therefore, petitioner substantially prevailed with respect to the amount in controversy. The remaining issue for our consideration is whether respondent's position in this litigation was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable *40 legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). We will consider respondent's position from the date the notice of deficiency was issued.[2] Sec. 7430(c)(7). Respondent's position was that petitioner had accumulated earnings and profits beyond its reasonable needs and, therefore, the accumulated earnings tax applied. Petitioner argued that the *41 accumulated earnings tax did not apply to widely held corporations, and we held that it did. Petitioner argued that its accumulated earnings and profits were reasonable, and we held that, for 2 of the years in issue, the accumulations exceeded petitioner's reasonable needs. We further held that petitioner did not accumulate its earnings and profits to avoid income tax with respect to its shareholders, and the accumulated earnings tax did not apply. Petitioner, in its motion, argues that respondent's position was not substantially justified because respondent ignored the intent requirement as an essential element of her case. Petitioner contends that respondent issued the notice of deficiency even though evidence existed that petitioner lacked the requisite tax-avoidance motive. To determine if respondent's position was not substantially justified, we must consider whether, at the time the notice of deficiency was issued, respondent's determination had a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552 (1988); see also United States v. Estridge, 797 F.2d 1454 (8th Cir. 1986). In Technalysis Corp. *42 v. Commissioner, supra, we held that petitioner had an accumulation of earnings and profits beyond its reasonable business needs. Section 533(a) establishes the presumption that a corporation that permits earnings and profits to accumulate beyond the reasonable needs of the business does so with the purpose of avoiding income tax with respect to its shareholders. The presumption can be, and was, rebutted by a preponderance of evidence to the contrary. Sec. 533(a). Petitioner had accumulated earnings and profits beyond its reasonable needs and, therefore, a rebuttable presumption of the requisite intent existed. At the time the notice of deficiency was issued, it was reasonable for respondent to assert that petitioner had a tax-avoidance motive, namely it was reasonable to conclude that petitioner had an unreasonable accumulation. Therefore, respondent's determination had a reasonable basis in law and fact, and we find that respondent acted reasonably in determining that the accumulated earnings tax applied to petitioner. We hold that petitioner has not established that respondent's position in the proceeding was not substantially justified, and, therefore, petitioner *43 is not the prevailing party and is not entitled to recover reasonable litigation and administrative costs pursuant to section 7430. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Petitioner did not allege any specific wrongdoing in respondent's actions that led up to the issuance of the notice of deficiency. Therefore, we will not address the issue as raised in Lennox v. Commissioner, 998 F.2d 244 (5th Cir. 1993) revg. in part and remanding T.C. Memo. 1992-382. Without agreeing or disagreeing with the reasoning in Lennox↩, we note that even if we considered the circumstances that led up to the issuance of the notice of deficiency in this case, we would not change our holding.