EUGENE BALKEN AND CHERI BALKEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BRENT JENKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Balken v. Commissioner
Docket Nos. 7628-90, 24268-90
United States Tax Court
T.C. Memo 1994-499; 1994 Tax Ct. Memo LEXIS 507; 68 T.C.M. (CCH) 895; October 11, 1994, Filed *507 Eugene Balken and Brent Jenkins, pro se. For respondent: Gail Gibson. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioners in these consolidated cases have filed a motion for litigation and administrative costs pursuant to Rule 231 [1] and section 7430. In our opinion of August 9, 1994, we decided that petitioners were required to report winnings from gambling in substantially reduced amounts from those determined by respondent. Balken v. Commissioner, T.C. Memo. 1994-375. Our findings of fact and opinion therein are incorporated by this reference. The issues considered in that opinion were: (1) Whether petitioners failed to report income from gambling activities; (2) whether petitioners are entitled to gambling losses in excess of the amounts allowed by respondent; and (3) whether petitioners are liable for *508 any of the additions to tax determined by respondent. Petitioners were avid gamblers and had received recorded annual winnings ranging from $ 73,260 to $ 186,317 during the 2 years in question. One petitioner reported about $ 2,500 for 1 year, and no gambling activity was reported for any other reporting periods. Petitioners may also have had winnings that were not recorded, but which they claim they "reinvested" in gambling. Respondent allowed only $ 2 per winning event in reduction of the recorded winnings. The $ 2 represented the cost of each ticket that resulted in a reported winning of petitioners'. Petitioners did not have adequate records to show the cost of their gambling activity, which they claimed exceeded all winnings for each accounting period. After considering the evidence, we decided that petitioners had net winnings ranging from about $ 3,600 to about $ 9,200. We also decided that petitioners were liable for additions to tax for negligence or intentional disregard of rules or regulations. Also, we decided that, if they exceeded the threshold in any year, petitioners would be liable for additions to tax under section 6661 concerning substantial understatements *509 of tax liability. Section 7430 provides that, in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation costs. Sec. 7430(a). A taxpayer is a prevailing party only if it is established: (1) That the position of the United States in the proceeding was not substantially justified; (2) that the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) that it met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) on the date the petition was filed. Sec. 7430(c)(4)(A). In addition to being a prevailing party, a taxpayer must also establish that the administrative remedies available to it within the Internal Revenue Service were exhausted and that the taxpayer did not unreasonably protract the proceeding. Sec. 7430(b)(1), (4). Petitioners bear the burden of proving that respondent's position was not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). *510 Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). We will consider respondent's position from the dates the notices of deficiency were issued.[2] Sec. 7430(c)(7). *511 Respondent's position was that petitioners had unreported winnings from gambling (and they did); that petitioners did not have adequate records to document claimed losses (and they did not); and that petitioners' actions in these taxable years made them liable for additions to tax under sections 6653(a)(1)(A) and (B) and 6661(a) (and they are). Also petitioners Eugene and Cheri Balken conceded that they were delinquent in filing their 1986 Federal income tax return and liable for an addition to tax under section 6651(a)(1) for that year. To determine if respondent's position was not substantially justified, we must consider whether, at the time the notices of deficiency were issued, respondent's determination had a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552 (1988); see also United States v. Estridge, 797 F.2d 1454 (8th Cir. 1986). Petitioners contend that respondent's position, both before and during trial, caused a failure to settle this case and was not substantially justified. Superficially, the vast disparity between respondent's determinations and the amounts ultimately decided to be *512 petitioners' net winnings may create the appearance that respondent or her position was unreasonable. One must consider, however, that petitioners, with a nominal limited exception, did not report either their winnings or claimed losses. Moreover, petitioners did not keep adequate records of winnings or losses, and respondent's agents were confronted only with petitioners' statements that they had losses. Petitioners have argued in these proceedings that their losses exceeded their winnings, and respondent was asked to accept petitioners' word for that contention. In essence, this case turned on petitioners' credibility coupled with the evidence provided, which support our finding that their losses exceeded the amount allowed by respondent. This is nothing more or less than a substantiation case, and under these circumstances we cannot find that respondent's position was not substantially justified. We hold that petitioners have not established that respondent's position in the proceeding was not substantially justified, and, therefore, petitioners are not the prevailing party and are not entitled to recover reasonable litigation and administrative costs pursuant to section 7430. *513 An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, unless otherwise indicated.↩
2. Petitioners did not allege any specific wrongdoing in respondent's actions that led up to the issuance of the notices of deficiency. Therefore, we will not address the issue as raised in Lennox v. Commissioner, 998 F.2d 244 (5th Cir. 1993), revg. in part and remanding T.C. Memo. 1992-382. Without agreeing or disagreeing with the reasoning in Lennox↩, we note that even if we considered the circumstances that led up to the issuance of the notices of deficiency in this case, we would not change our holding.