T.C. Memo. 1998-311


UNITED STATES TAX COURT


CALIFORNIA MARINE CLEANING, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19476-96.               Filed August 24, 1998.


William P. Shannahan, for petitioner.

Christine V. Olsen, for respondent.


MEMORANDUM OPINION

COLVIN, Judge:   This matter is before the Court on
petitioner's motion for litigation and administrative costs under

section 7430[1] and Rule 231.[2]  Respondent concedes that petitioner substantially prevailed, exhausted its administrative remedies, meets the net worth requirements, and did not unreasonably protract the administrative or Court proceedings.  Sec. 7430(b)(1), (3), and (c)(4)(A)(i) and (ii).  The remaining issues for decision are:

(1)  Whether respondent's position in the underlying proceeding was substantially justified.  We hold that it was not.

(2)  Whether a special factor as defined in section 7430(c)(1)(B)(iii) was present in this case which would justify an award of attorney's fees higher than $110 per hour.  We hold that no special factor was present.

---

[1]  Section references are to the Internal Revenue Code in effect for the years in issue.  References to sec. 7430 are to that section as amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 (effective for proceedings commenced after Dec. 31, 1985), and by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743 (effective with respect to proceedings commenced after Nov. 10, 1988).  Sec. 7430 was further amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1463 (1996), effective with respect to proceedings commenced after July 30, 1996.  The amendments to that section shifted to the Commissioner the burden of proving that the position of the United States was substantially justified, sec. 7430(c)(4)(B), and changed the hourly rate for attorney's fees to $110, sec. 7430(c)(1)(B)(iii).
A judicial proceeding is commenced in this Court with the filing of a petition.  Rule 20(a).  Petitioner filed its petition on Sept. 9, 1996.  Accordingly, the 1996 amendments to sec. 7430 apply here.  See Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).

[2] Rule references are to the Tax Court Rules of Practice and Procedure.

(3) Whether the number of hours billed by petitioner's counsel and accountant and petitioner's other litigation costs were reasonable. We hold that they were to the extent set out below.

The parties submitted memoranda and affidavits supporting their positions. We decide the motion on the basis of those memoranda and affidavits. Neither party requested a hearing. We conclude that a hearing is not necessary to decide this motion. Rule 232(a)(3).

## Background

### A. Petitioner

Petitioner is a corporation the principal place of business of which was in San Diego, California, during the years in issue and when it filed its petition. Petitioner reports its income using the cash method of accounting. Petitioner is in the business of cleaning military and civilian ships.

### B. Petitioner's 1992, 1993, and 1994 Tax Returns

Petitioner timely filed U.S. corporate income tax returns (Forms 1120) for its tax years ending on September 30, 1992, 1993, and 1994,[3] on which it reported the following:

---

[3] Petitioner's 1992, 1993, and 1994 fiscal years ended on Sept. 30.

|                                  | FY 1992     | FY 1993     | FY 1994     |
|----------------------------------|-------------|-------------|-------------|
| Gross receipts                   | $2,839,130  | $2,905,192  | $2,822,943  |
| Compensation of officers         | 165,223     | 272,000     | 269,000     |
| Salaries and wages               | 1,086,926   | 991,749     | 1,018,735   |
| Repairs                          | 26,605      | 26,459      | 15,651      |
| Rents                            | 59,338      | 32,807      | 33,336      |
| Taxes                            | 152,664     | 139,273     | 137,015     |
| Interest                         | 5,179       | 2,605       | 3,286       |
| Contributions                    | 4,325       | 7,745       | 9,591       |
| Depreciation                     | 75,988      | 63,943      | 54,550      |
| Pensions, profit-sharing plans   |             | 172,804     | 88,663      |
| Other deductions[1]              | 995,464     | 976,003     | 1,050,076   |
| Unappropriated retained earnings | 1,149,031   | 1,230,404   | 1,197,598   |

[1] Petitioner's other deductions included expenses for subcontractors, materials and supplies, equipment rental, chemical analysis, waste disposal, trucks, insurance, travel, office, legal and accounting services, permits, telephone, and utilities.

Petitioner paid no dividends and had no inventory in fiscal years 1992, 1993, and 1994.

C.    The Audit and Respondent's Determination

In 1995, respondent audited petitioner's 1992, 1993, and 1994 fiscal years (FY).  The record does not indicate who respondent talked to or what documents respondent saw during the audit.

On May 15, 1996, respondent notified petitioner, pursuant to section 534(b), that respondent intended to issue a notice of deficiency determining that petitioner is liable for the accumulated earnings tax under section 531 for FY 1992, 1993, and 1994.  Petitioner had 60 days to file a section 534(c) statement. Sec. 534(c); sec. 1.534-2(d)(2), Income Tax Regs.  On June 13,

1996, respondent sent a notice of deficiency to petitioner. In it, respondent determined that petitioner had deficiencies in income tax (including accumulated earnings tax) of $100,548 for FY 1992, $68,286 for FY 1993, and $50,678 for FY 1994. Respondent determined that petitioner had accumulated taxable income of $289,736 in FY 1992, $205,937 in FY 1993, and $160,203 in FY 1994.

Respondent determined petitioner's accumulated earnings[4] as of the close of the prior year as follows:

|  | 9/30/92 | 9/30/93 | 9/30/94 |
|---|---|---|---|
| Accrual basis | $1,149,031 | $1,230,404 | $1,197,598 |
| Accounts receivable | (985,378) | (852,526) | (655,925) |
| Tax refund receivable |  | (16,474) | (42,197) |
| Accounts payable | 1,818 | 2,080 | 1,676 |
| Deferred taxes | 117,643 | 67,687 | 7,684 |
| Income taxes payable | 56,867 |  |  |
| Cash basis | 339,981 | 431,171 | 508,836 |

Respondent computed petitioner's accumulated earnings credit[5] in the notice of deficiency as follows:

---

[4] A corporation's accumulated earnings are the earnings it accumulates rather than distributes. See United States v. Donruss Co., 393 U.S. 297, 303 (1969).

[5] The accumulated earnings credit is generally the amount of
(continued...)

Computation of Accumulated Earnings Credit

|  | 9/30/92 | 9/30/93 | 9/30/94 |
|---|---|---|---|
| Minimum credit | $250,000 | $250,000 | $250,000 |
| Less: Accumulated earnings as of close of prior year | 339,981 | 431,171 | 508,836 |
| Allowable minimum credit (sec. 535(c)(2)) | -0- | -0- | -0- |
| Current earnings and profits retained for reasonable needs of business (sec. 535(c)(1)(A)) | -0- | -0- | -0- |
| Less: Deduction for LTCG (sec. 535(b)(6)) | -- | -- | -- |
| Allowable credit (sec. 535(c)(1)) | -0- | -0- | -0- |

Respondent's only explanation for determining that petitioner was liable for accumulated earnings tax was that petitioner was "formed or availed of for the purpose of [its] shareholders avoiding income tax".

Respondent did not state the basis for determining that petitioner had no reasonable needs to retain earnings for the years at issue. The notice of deficiency contained no Bardahl[6] computation or other analysis of petitioner's need for working capital. Respondent issued the notice of deficiency before

---

[5](...continued)
the taxpayer's earnings and profits for the taxable year that is retained for the reasonable needs of the business. Sec. 535(c)(1). The accumulated earnings credit is subtracted from the taxpayer's taxable income in calculating accumulated taxable income. Sec. 535(a).

[6] A Bardahl computation is an estimate of a taxpayer's working capital needs based on its business needs for one operating cycle. Bardahl Manufacturing Corp. v. Commissioner, T.C. Memo. 1965-200.

petitioner filed a section 534(c) statement or requested an Appeals Office conference.

D.    Petitioner's Section 534(c) Statement

On July 12, 1996, petitioner filed a timely section 534(c) statement identifying the grounds on which it relied to establish that it did not unreasonably accumulate earnings.  Petitioner asserted that it had 11 grounds to accumulate earnings:  (1) To provide a reserve for Federal income tax and interest; (2) to provide working capital; (3) to expand to additional port cities; (4) to replace equipment; (5) to provide loans to customers or suppliers; (6) to meet competition; (7) to provide insurance; (8) to provide a litigation reserve; (9) to prepare for unsettled business conditions; (10) to make pension and profit sharing plan contributions; and (11) to respond to the possible loss of its principal customer, the U.S. Navy.

Petitioner filed its petition in this case on September 9, 1996.  On April 9, 1997, this case was calendared for trial at the September 15, 1997, session of this Court at San Diego, California.

On April 24, 1997, respondent filed a motion for a ruling that petitioner's section 534(c) statement was insufficient to shift the burden of proof to respondent.  On July 22, 1997, we held that petitioner's section 534(c) statement did not contain enough facts to shift the burden of proof to respondent.

## E.  Postpetition Conferences

Petitioner's case was assigned to an Appeals officer sometime after petitioner filed its petition.  Respondent's revenue agent Bruce Zaer (Zaer) met with petitioner's counsel on May 15 and July 11, 1997, to discuss petitioner's case.  At the July 11 meeting, petitioner's counsel told Zaer that petitioner had erroneously reported earnings and profits on an accrual basis rather than on a cash basis on its 1991 tax return.  As a result of the error, petitioner erroneously included accounts receivable of about $662,000 in accumulated earnings.  Petitioner reported on its 1991 return that its accumulated earnings were $853,837, while in fact they were only about $190,000.  Around July 17, 1997, petitioner's accountant prepared a corrected analysis of petitioner's accumulated taxable income for FY 1986 to 1994.[7]  He concluded that petitioner had accumulated taxable income of $340,611 for FY 1992, $501,955 for FY 1993, and $615,005 for FY 1994.  Respondent's Appeals officer reviewed the accountant's analysis and agreed with it.  On August 14, 1997, respondent conceded the accumulated earnings tax issue.

## F.  Settlement of the Case

At the calendar call on September 15, 1997, the parties announced that they had reached a basis of settlement.  The

---

[7] In his corrected analysis, petitioner's accountant concluded that petitioner's accumulated earnings for fiscal year 1991 were about $110,000.

parties stipulated that petitioner had deficiencies in income tax of $18,208 for FY 1992, $8,124 for FY 1993, and $6,388 for FY 1994, that petitioner is not liable for accumulated earnings tax for those years, and that petitioner is not liable for additions to tax for those years.

G.   Petitioner's Litigation Costs

Petitioner filed a motion for an award of litigation and administrative costs on September 15, 1997.  Petitioner incurred attorney's fees and other costs for services performed in this matter from June 14, 1996, to December 12, 1997, as follows:

| Date of services | Fee | Attorney hours | Costs |
|---|---|---|---|
| 1996: | | | |
| June 5-21 | $1,650 | 5.5 | -- |
| June 28-July 17 | 3,540 | 11.8 | -- |
| July 20-Aug. 16 | 1,110 | 3.7 | -- |
| Aug. 27-29 | 1,050 | 3.5 | $144.48 |
| Nov. 8-21 | 900 | 3.0 | -- |
| Dec. 11-16 | 1,170 | 3.9 | -- |
| 1997: | | | |
| Jan. 6 | 90 | .3 | -- |
| Jan. 27 | 30 | .1 | -- |
| Apr. 15-25 | 510 | 1.7 | -- |
| Apr. 28-May 23 | 7,740 | 25.8 | -- |
| May 27-June 24 | 3,870 | 12.9 | -- |
| June 26-July 16 | 4,530 | 15.1 | -- |
| July 30-Aug. 25 | 570 | 1.9 | -- |
| Aug. 26-Sept. 26 | 9,060 | 30.2 | -- |
| Sept. 29-Oct. 18 | 1,080 | 3.6 | -- |
| Nov. 10-18 | 480 | 1.6 | -- |
| Nov. 26-Dec. 12 | 3,600 | 12.0 | -- |
| Total | 40,980 | 136.6 | 144.48 |

| Date of services | Fee | Accountant hours |
|---|---|---|
| June 1996– | | |
| Sept. 1997 | $2,462.50 | 98.5 |

## Discussion

### A.   Motion for Litigation and Administrative Costs: Introduction

Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable administrative and litigation costs.  Sec. 7430(a), (c).  To be entitled to an award, the taxpayer must:

1.   Exhaust administrative remedies.[8]  Sec. 7430(b)(1). Respondent concedes that petitioner meets this requirement.

2.   Substantially prevail with respect to the amount in controversy.  Sec. 7430(c)(4)(A)(i)(II).  Respondent concedes that petitioner meets this requirement.

3.   Be an individual whose net worth did not exceed $2 million, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $7 million, when the petition was filed.  Sec. 7430(c)(4)(A)(ii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioner meets this requirement.

---

[8] This requirement does not apply to an award for reasonable administrative costs.  Sec. 7430(b)(1).

4.    Show that the taxpayer did not unreasonably protract the proceedings.  Sec. 7430(b)(3).  Respondent concedes that petitioner meets this requirement.

5.    Establish that the amounts of costs and attorney's fees claimed by the taxpayer are reasonable.  Sec. 7430(a), (c)(1) and (2).  Respondent disputes the number of hours of legal services claimed by petitioner.  Petitioner also claimed that it was entitled to more than $110 per hour adjusted for inflation.  Respondent disputes that contention.

For proceedings beginning after July 30, 1996, the taxpayer is not entitled to an award for reasonable administrative and litigation costs if the Commissioner shows that the position of the United States in the action was substantially justified.  Sec. 7430(c)(4)(B)(i).  Respondent bears the burden of proving that respondent's position was substantially justified.  Id.  Respondent contends that respondent has made this showing.

B.    Position of the United States and Substantially Justified Standard

1.    Position of the United States

The Commissioner takes a position in an administrative proceeding as of the earlier of the date the taxpayer receives an Internal Revenue Service (IRS) Appeals decision or the Commissioner sends the notice of deficiency.  Sec. 7430(c)(7)(B).  Respondent's position in the administrative proceeding was

established on June 13, 1996, when the notice of deficiency was sent.

The position taken by the United States, for purposes of an award of litigation costs, is the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). Respondent took a position in the judicial proceeding in this case on November 12, 1996, when respondent's answer was filed. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.

2. Substantially Justified Standard

The parties dispute whether respondent's position in the administrative and judicial proceedings was substantially justified.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989); Swanson v. Commissioner, 106 T.C. 76, 86 (1996); Powers v. Commissioner, 100 T.C. 457, 470, 473 (1993), affd. on this issue, revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995). To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Pierce v. Underwood, supra; Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir.

1984); Powers v. Commissioner, supra. For a position to be substantially justified, there must be substantial evidence to support it. Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The fact that the Commissioner eventually loses or concedes a case does not establish that a taxpayer is entitled to an award of reasonable litigation and administrative costs. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, it is a factor to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471.

C.  Whether Respondent's Position in the Notice of Deficiency Was Substantially Justified

1.  Background--Accumulated Earnings Tax

A taxpayer is liable for accumulated earnings tax if it is formed or availed of to avoid income tax for its shareholders by permitting earnings and profits to accumulate instead of being divided or distributed. Sec. 532(a); Hughes, Inc. v. Commissioner, 90 T.C. 1, 15 (1988). However, the accumulated earnings tax does not apply if a corporation lacks the proscribed purpose. Technalysis Corp. v. Commissioner, 101 T.C. 397, 403 (1993); Pelton Steel Casting Co. v. Commissioner, 28 T.C. 153, 173 (1957), affd. 251 F.2d 278 (7th Cir. 1958).

2.   Basis in Fact

    a.   Whether Facts Known by Respondent Provide a Basis in Fact

Respondent argues that respondent's position was substantially justified on the basis of the following information which respondent knew or reasonably believed when respondent sent the notice of deficiency:  (a) Petitioner was in the business of cleaning ships; (b) petitioner was a cash basis taxpayer; (c) petitioner reported unappropriated retained earnings of $1,149,031 for FY 1992, $1,230,404 for FY 1993, and $1,197,598 for FY 1994; (d) petitioner reported gross receipts or sales of $2,839,130 for FY 1992, $2,905,192 for FY 1993, and $2,822,943 for FY 1994; (e) petitioner reported total deductions of $2,571,712 for FY 1992, $2,685,388 for FY 1993, and $2,679,903 for FY 1994; (f) petitioner paid no dividends in FY 1992, 1993, and 1994; and (g) petitioner had no inventory in FY 1992, 1993, and 1994.

These facts do not provide a basis in fact for respondent's position that petitioner intended to avoid tax for its shareholders.  Section 1.533-1(a)(2), Income Tax Regs., lists factors to be considered in deciding whether a corporation intended to avoid income tax of its shareholders, including:  (1) Dealings between the corporation and its shareholders for the personal benefit of the shareholders; for example, personal

loans; (2) corporate investment of undistributed assets in unrelated businesses or investments; and (3) the corporation's dividend history. Respondent has not shown that respondent had any reason to believe that there were dealings between petitioner and its shareholders for their personal benefit or that petitioner had invested in unrelated businesses. Respondent knew that petitioner did not pay dividends in the years in issue but cites no authority that the absence of dividends, in isolation, triggers liability for accumulated earnings tax.

The record does not show what respondent did, or learned about petitioner, during the audit of this case. Petitioner's returns suggest that petitioner had a significant ongoing business. Petitioner's returns do not provide a basis in fact for respondent's position that petitioner was formed or availed of for the proscribed purpose. Respondent does not claim to have had any information about the merits of the case other than petitioner's returns before adopting the position at issue here. See Powers v. Commissioner, supra at 472.

It has been held that the Government does not have a reasonable basis in both fact and law if it does not diligently investigate a case. United States v. Estridge, 797 F.2d 1454, 1458 (8th Cir. 1986) (award for litigation costs granted where Commissioner did not diligently investigate which of several persons was liable for tax of an employer under section 6672(a));

Powers v. Commissioner, supra at 473. Respondent lacked a basis in fact for determining that petitioner was liable for the accumulated earnings tax because respondent apparently had no facts about petitioner's business plans and did not show whether the case was diligently investigated.

b.    Petitioner's Error in Reporting Accounts
      Receivable

Petitioner erroneously included accounts receivable of $662,000 in accumulated earnings on its tax return for 1991. Respondent contends that petitioner's error led respondent to determine that petitioner was liable for the accumulated earnings tax. Respondent contends that, if petitioner had reviewed its books and records earlier, it might have been possible to avoid the determination or resolve the issue earlier.

We disagree. Respondent did not explain why the determination that petitioner was liable for accumulated earnings tax was substantially justified (e.g., that petitioner accumulated income with the purpose of avoiding shareholder taxes) even if petitioner had retained earnings of $1,149,031 in FY 1992, $1,230,404 in FY 1993, and $1,197,598 in FY 1994.

c.    Whether Events Occurring After Respondent Took the
      Position Provide a Basis in Fact for Respondent's
      Position

Respondent argues that respondent's position is substantially justified because of events occurring after that

position was taken; that is, after the notice of deficiency was issued. For example, respondent argues that: (1) Respondent was substantially justified because respondent promptly settled the accumulated earnings tax issue soon after petitioner told respondent about petitioner's error, and (2) respondent's position had a basis in fact because petitioner's section 534(c) statement was insufficient to shift the burden of proof to respondent.

We disagree. Respondent must have a basis in fact when respondent issues the notice of deficiency. Powers v. Commissioner, 100 T.C. at 473, 477-478; Kingston v. Commissioner, T.C. Memo. 1998-119; Grimland v. Commissioner, T.C. Memo. 1993-367; see Pierce v. Underwood, 487 U.S. at 564-565. We do not consider events occurring after respondent's position was adopted, such as respondent's prompt concession or petitioner's failure to allege specific facts in its section 534(c) statement, in deciding whether that position was substantially justified. Powers v. Commissioner, supra at 477.

3. Conclusion

Respondent has not shown that respondent had a basis in fact for the position that petitioner unreasonably accumulated earnings for FY 1992, 1993, and 1994 when respondent sent the notice of deficiency or filed the answer.

The substantially justified standard requires that the Government's position have a reasonable basis in both law and fact. Pierce v. Underwood, supra at 563-564. We need not decide whether respondent had a basis in law because respondent did not have a basis in fact. Thus, we hold that respondent's position was not substantially justified when respondent sent the notice of deficiency and filed the answer, and that petitioner is entitled to an award under section 7430 for its reasonable administrative and litigation costs.

D.  Reasonable Administrative and Litigation Costs

Petitioner seeks an award for its attorney's fees of $40,980, miscellaneous costs of $144.48, and accountant's fees of $2,462.50. We must decide whether the number of hours billed, the rate at which those hours were billed, and the miscellaneous costs are reasonable as claimed by petitioner.

1.  Applicable Hourly Rate for Attorney's Fees

Petitioner's attorney, William Shannahan (Shannahan), billed at an hourly rate of $300 for his work in this case. Respondent objects to our basing an award for litigation costs on Shannahan's rate to the extent it exceeds $110.

Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $110, increased by the cost of living and other special factors. The cost of living increase is rounded to the nearest multiple of $10. Sec. 7430(c)(1). The allowable fee

for services ($110) indexed from 1996 to 1997 is $113.  Human v. Commissioner, T.C. Memo. 1998-65.  Thus, Shannahan's allowable fee for 1997 is $110.

   2.   Whether a Special Factor Is Present

We next decide whether a special factor is present that justifies an award of attorney's fees at a rate higher than $110 per hour.  Sec. 7430(c)(1)(B)(iii).  Petitioner contends that the issues involved in this case were very complex and that petitioner's counsel's expertise warrants an award of fees at a rate higher than $110.  We disagree.

The prevailing hourly rate in an area, and the fact that no attorney would have performed the work for $110 an hour, are not special factors under section 7430(c)(1)(B)(iii).  Cozean v. Commissioner, 109 T.C. 227 (1997); Cassuto v. Commissioner, 93 T.C. 256, 269 (1989), affd. in part, revd. in part and remanded on other issues 936 F.2d 736 (2d Cir. 1991); see Pierce v. Underwood, 487 U.S. 552 (1988).  Tax expertise of a taxpayer's lawyer alone is not a special factor under section 7430(c)(1)(B)(iii).  Cassuto v. Commissioner, 936 F.2d at 743; see Bode v. United States, 919 F.2d 1044, 1050 (5th Cir. 1990); Cozean v. Commissioner, supra at 232-233.  We conclude that petitioner has not shown that any special factor is present which warrants an increase in the $110 maximum hourly rate.

3.   Amounts of Reasonable Administrative and Litigation Costs

We next decide whether the amounts of petitioner's administrative and litigation costs were reasonable.  Reasonable costs include (a) administrative fees or similar charges imposed by the IRS, (b) reasonable expenses of expert witnesses, (c) reasonable costs of studies, analyses, engineering reports, tests, or projects that are necessary to prepare the taxpayer's case, and (d) reasonable fees paid or incurred for the services of attorneys.  Sec. 7430(c)(1) and (2).  Petitioner bears the burden of proving that these costs are reasonable.  Rule 232(e).

a.   Attorney's Fees

Petitioner seeks attorney's fees based on 136.6 hours billed by its counsel.

Respondent argues that petitioner's counsel's invoices do not show the number of hours he spent for each activity he performed for petitioner, and that they contain billings for some services that do not relate to petitioner.  Petitioner submitted a revised affidavit from Shannahan in an attempt to show the number of hours he spent working on this case.  We agree with respondent in part.  Shannahan billed 13.1 hours to prepare the Tax Court petition for petitioner's shareholder, to prepare S corporation elections, to write letters to the California

Franchise Tax Board, and to finalize a will. That work was not related to this case. We do not award fees for these hours. Bode v. United States, supra at 1047-1048. Shannahan billed 123.5 hours for services related to this case. We find this to be reasonable. Thus, we award petitioner attorney's fees of $13,585 (123.5 hours at $110 per hour).

### b. Accountant's Fees

Petitioner's accountant billed 98.5 hours at $25 per hour to analyze accounts receivable, earnings and profits, accumulated earnings, petitioner's Bardahl computation, petitioner's cash deposit journal relating to dividends, and rent expenses, and to meet and correspond with petitioner and petitioner's counsel. Respondent contends that some of the accountant's activities are unrelated to petitioner's accumulated earnings tax issue. We agree with respondent in part. Petitioner's accountant billed 12 hours to analyze rent expenses and to "return minutes book to attorney". These services were apparently not related to this case. We do not award fees for these hours. Bode v. United States, supra at 1047-1048. Petitioner's accountant billed 86.5 hours for services related to this case. We find this to be reasonable. We award petitioner accountant's fees of $2,162.50 (86.5 hours at $25 per hour).

Petitioner also seeks reimbursement of $144.48 for other costs ($60 for the filing fee and $84.48 for registered mail and

postage).  Respondent does not contend that these costs were unreasonable.  We treat this as respondent's concession that these costs were reasonable.

Thus, we award petitioner attorney's fees in the amount of $13,585, accountant's fees of $2,162.50, and costs in the amount of $144.48.

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered</u>.